UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA L. ATKINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04CV1332 FRB |
| ) | |
| CLYDE MCFARLAND, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Presently pending before the Court is defendants' Motion to Dismiss for Failure to Prosecute (filed October 21, 2005/Docket No. 21). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In a Case Management Order entered December 15, 2004, the Court ordered this cause to proceed in accordance with the schedule set out therein, including a schedule governing the course and completion of discovery, as well as a schedule governing referral to alternative dispute resolution. On March 14, 2005, defendants filed a motion to compel directed to plaintiff averring that plaintiff failed to respond to and/or answer various discovery requests and, further, failed to comply with the deadline imposed in this Court's Case Management Order governing initial disclosures. Plaintiff did not respond to this motion. A hearing was set on defendants' motion on March 25, 2005, at which counsel

for all parties were ordered to appear.  Upon the Court's call of the case for hearing on March 25, 2005, plaintiff's counsel was not present nor was any other person present on behalf of plaintiff. The Court thereafter ordered plaintiff's counsel to appear before the Court on April 8, 2005, to show cause why this case should not be dismissed on account of plaintiff's failure to comply with this Court's Case Management Order, failure to answer defendants' discovery requests, failure to respond to defendants' motion to compel, and failure to comply with the Court's previous Order setting defendants' motion to compel for hearing.  Plaintiff's counsel appeared for the hearing on April 8, 2005, at which time the Court granted defendants' pending motion to compel.

On September 16, 2005, in accordance with the terms of the Case Management Order, this Court entered an Order referring this matter to ADR and ordered, <u>inter</u> <u>alia</u>, that not later than October 6, 2005, the parties choose a neutral and the date, time and location of the ADR conference, and inform the Clerk of Court thereof.  The ADR conference was ordered to be concluded by November 10, 2005. On October 21, 2005, counsel for the defendants sought leave to comply with this Court's ADR Referral Order out of time and, further, sought to extend the ADR deadline averring that he had been unable to confer with plaintiff's counsel and that plaintiff has been uncooperative and has failed to prosecute this action.  On that same date, defendants filed the instant Motion to

Dismiss for Failure to Prosecute.

In the instant Motion to Dismiss, defendants contend that plaintiff has wholly failed to comply with the discovery deadlines as imposed by this Court's Case Management Order, has failed to respond to any discovery requests put to her by defendants, has failed to comply with this Court's Order granting defendants' motion to compel, and has failed to cooperate in ADR as ordered by the Court. Defendants further aver that, as set out above, plaintiff has failed to comply with numerous Orders of the Court as well as failed to appear before the Court as ordered. Defendants thus request that this cause be dismissed with prejudice for failure to comply with Court Orders and for failure to prosecute. To date, plaintiff has not responded to this motion.

By Order entered October 21, 2005, defendants' Motion to Dismiss was set for hearing before the undersigned on November 1, 2005. Counsel for all parties were ordered to be present at the hearing. Upon the Court's call of the case for hearing on November 1, 2005, no one appeared on behalf of plaintiff. On that same date, this Court entered an Order directing plaintiff's counsel, Steven N. May, to appear before the undersigned on November 8, 2005, to show cause why the instant Motion to Dismiss should not be granted; and further to show cause why he, personally, should not be found in contempt of this Court on account of his failure to appear at the hearing before the undersigned on Tuesday, November

1, 2005, as required by the Court's Order entered October 21, 2005. Counsel was cautioned that failure to comply with the Order could result in the imposition of sanctions, including dismissal of this cause with prejudice, orders of contempt and/or other sanctions. Upon the Court's call of the case for hearing on November 8, 2005, attorney Steven N. May did not appear. Nor was any other person present on behalf of plaintiff.

As set out above, a review of the file shows plaintiff and/or her counsel not to have complied in any respect with this Court's Orders or defendants' discovery requests. Given the repeated nature of plaintiff's failure to respond to defendants' discovery requests, thereby requiring defendants to request assistance from the Court; plaintiff's repeated failure to respond to motions pending before the Court; and plaintiff's repeated failure to respond to numerous Orders of the Court, including Orders to appear before the Court for hearing, plaintiff's cause of action should be dismissed with prejudice for failure to prosecute and failure to comply with Court Orders. See Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss for Failure to Prosecute (Docket No. 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants' Motion for Leave to File the Designation of Neutral and ADR Conference Schedule Out

of Time and Motion for Extension of Time for ADR Completion Deadline (Docket No. 19) are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that this cause is hereby dismissed with prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _8th_ day of November, 2005.